## CATHERINE DAMROTH, ADMX.
vs.
## JAY PERKINS

Superior Court        Hartford County        File #47807

Present:   Hon. CARL FOSTER, Judge.

David Haymond,
Wilson C. Jainsen,                Attorneys for the Plaintiff.

Pond, Morgan & Morse,        Attorneys for the Defendant.

**MEMORANDUM FILED APRIL 16, 1935.**

FOSTER, J.   On December 10, 1933, at about 6:50 P. M., the defendant, accompanied by his wife, was driving his automobile from Hartford to his home in Providence.   On reaching East Hartford he turned onto Main St. and drove north thereon.   He passed Burnside Ave. into which he should have turned to go to Providence.   He thereupon drove to a point near the east curb of Main St. and stopped; he looked both north and south on Main St., and seeing no vehicles approaching from either direction, he started his automobile, turned left, and made what has been described as a U turn to return south on Main St. to Burnside Ave.   Main St. at the point where the defendant turned his automobile about is seventy-five feet wide from curb to curb.   When he had completed the turn and was traveling south the right side of his automobile was seventeen feet east of the west curb of Main St.   From the point at which the defendant started to

turn his automobile it is possible to see north on Main St. about a thousand feet. A railroad bridge crosses Main St. about two hundred twenty feet north of this point, and the highway dips down under the bridge. The total drop in the grade is 7.4 ft., and it begins at the point where the defendant began to make his turn. The street is level for a hundred feet under the bridge, and then the grade rises north of the bridge to about the grade south of the bridge.

The plaintiff's decedent was at that time driving his Chrysler roadster south on Main St. He came from some unknown point north of the railroad bridge. The left side of his automobile collided with the front portion of the right side of the defendant's automobile. The evidence as to the speed at which the plaintiff's decedent was traveling differs. He was traveling so fast that his automobile rolled completely over four times, landed on its wheels, and ran backwards a considerable distance into a vacant lot.

Both the defendant and his wife looked both north and south for traffic before the defendant made his turn, but saw none. The plaintiff claims that the defendant, if he had used due care in looking north for approaching traffic, would have seen the approaching automobile of the plaintiff's decedent. He claims that even if the defendant did not see such approaching automobile he is, under the law, in the same position as if he had seen it, because the visibility was so great that a reasonably prudent man in his position should have seen it. The plaintiff also claims that his decedent had the right of way over the defendant because he was on the right side of the highway and was approaching the defendant at the latter's right.

As stated above, when the collision occurred the defendant had completed his turn and was traveling south. He had not traveled many feet south, but he had so traveled such a substantial number of feet that he had completed his turn. Assuming that a reasonably prudent man in the defendant's position should have seen the approach of the plaintiff's decedent, and that the latter had the right of way, the defendant still had the legal right to turn as he did if a reasonably prudent man in his position would believe that he might complete the turn before the plaintiff's decedent reached him. This was in fact what happened. Under the circumstances it was the legal duty of the plaintiff's decedent to use rea-

sonable care in not colliding with the defendant even if the former had the right of way. Since the defendant was traveling in the same direction as the plaintiff's decedent it was the legal duty of the latter overtaking the former to pass on the defendant's left. He attempted to pass on the defendant's right. Even so he had a space of seventeen feet between the defendant's automobile and the west curb of the highway to pass on the defendant's right. The plaintiff's decedent was operating his automobile at an unreasonably and negligently high rate of speed.

I find that the defendant was not guilty of any negligence that was a proximate cause of the collision and the consequent injuries and death of the plaintiff's decedent.

I find that the plaintiff's decedent was guilty of contributory negligence that was a proximate cause of the collision and his own consequent injuries and death. Judgment is rendered in favor of the defendant.